Opinion of the Court, by
Judge Owsley.
THIS was an action of detinue, brought in the circuit court by M’Kinsey, to recover from Evans two slaves.
Evans pleaded two pleas: 1st, Non-detinet; 2d, that the said M’Kinsey his action ought not to have and maintain against him, the said Evans, because, he says, that prior to the impetration of the suit against him by the said M’Kinsey, to wit, on the — day of —, at the state and circuit aforesaid, the said M’Kinsey and a certain John James, who claimed and held possession of the slaves in said M’Kinsey’s declaration mentioned, in consequence of a claim which the said M’Kinsey then put up to the slaves in the declaration *263 mentioned, and for which he has brought this suit against him, Evans, came to an agreement, by parol, to submit and have settled the said matter of dispute about the slaves aforesaid, by reference to arbitrators, to be mutually chosen by the parties: That in pursuance of said agreement, the said M’Kinsey and James mutually chose Ralph Williams, Christopher Claunch and Joseph Porter, as arbitrators, to hear, determine and settle the matter of dispute relative to the said slaves, and whose award was to be final between the said parties; and the said arbitrators, on the — day of —, in the year —, in the presence of the said M’Kinsey and James, and in pursuance of said agreement, did then and there hear the said matter of controversy about the slaves, and after a full examination of witnesses produced by the said M’Kinsey and James, did award, adjudge and determine, by parol, that the possession and right of the slaves in the declaration mentioned were of right the property of, and did belong to the said James; which award and determination of the arbitrators aforesaid was made and pronounced by the said arbitrators in the presence and hearing of the said M’Kinsey and James, and was assented to by the said M’Kinsey and James; and this he is ready to verify. And the said Evans avers, that after the award was so made, published and pronounced by the arbitrators aforesaid, he, for a valuable consideration, in the circuit aforesaid, purchased the aforesaid slaves of the said James; wherefore he prays judgment, &c.
In all cases where writing is not required to transfer the title of the thing in contest, a parol submission & award is as valid as a written one.
In pleading an award, it is not necessary to allege a promise to abide by, or perform the award; for the law infers such promise, from the act of submission.
A juror’s having expressed an opinion against the party in whose favor he afterwards finds, is no ground for a new trial.
To the first plea M’Kinsey joined issue to the country, and demurred to the second plea. Evans joined in the demurrer, and the court rendered judgment sustaining the demurrer of M’Kinsey to the second plea.
A trial was then had on the issue taken to the first plea, and a verdict was found for Evans. A motion was then made by the counsel of M’Kinsey for a new trial, on the grounds, first, of the verdict being against evidence; and secondly, on the ground of one of the jury having made up and expressed an opinion before he was called as a juror. The court sustained the motion, on the second ground, and awarded a new trial.
At a subsequent term, the issue to the first plea was again tried, and a verdict found for M’Kinsey. A motion was then made by Evans for a new trial, but was overruled by the court, and judgment rendered in favor *264 of M’Kinsey, in conformity to the verdict. From that judgment Evans has appealed to this court.
The assignments of error question the decisions of the court in sustaining the demurrer to the second plea, and in awarding a new trial of the issue taken to the first plea on the motion of M’Kinsey, and in refusing a new trial when applied for by Evans.
This court cannot concur in opinion with the circuit court, either in sustaining the demurrer to the second plea, or in awarding a new trial of the issue taken to the second plea, on the second ground assumed by M’Kinsey in his application to that court. If the matter presented in the second plea would have been an availing defence for James, had the action been brought against him by M’Kinsey, it is plain the plea must be good as to Evans; for Evans is not only alleged to be a purchaser of James, since the decision of the arbitrators, but the claim which M’Kinsey now asserts to the slaves is, moreover, charged in the plea to have been submitted to the determination of judges mutually chosen by M’Kinsey and James, and those judges are alleged to have decided the right against M’Kinsey. And that the submission and award alleged in the plea, would be an available defence for James, in any action which could be brought by M’Kinsey against him for the slaves, this court entertains no doubt. The submission and award has not been made in pursuance of any statutory provision of this country; but the statute has never been construed to render void a submission and award which would have been otherwise valid at common law; and it is well settled at common law, that after a submission to arbitrators, and an award in pursuance to the submission, no action can be maintained on the original subject of dispute. Kidd on Awards, 381-2. Nor is it, in general, material whether the submission and award be in writing or by parol. There may possibly be a necessity for the submission and award to be in writing, wherever writing is required to pass the title to the thing in contest; but in all other controversies, a verbal submission and award, made by the act of the parties and without the intervention, of a court, will have the same legal effect as if made in writing. Kidd on Awards, 10-11, 261.
But it was contended in argument, that although the award might have been an available defence, if the *265 plea had alleged a promise by the parties to the submission, to abide by and perform the award, it cannot be so, inasmuch as there is no such promise alleged in the plea of Evans. In the case of parol submissions, a distinction was anciently taken between cases where there was, and where there was not, a promise to perform the award. If the award was only for the payment of money, it was conceded, an action might at all times be maintained for it, though there were no promise in the submission to perform the award; but if the award was of a collateral act, it was supposed there was no means of compelling performance, unless by the submission there had been an express promise of performance. In more modern times, however, the mere act of submission has been held an implied promise to abide by the determination of the arbitrators; and an action can, now, not only be maintained upon such an award, but the award, under such a submission, has the same legal effect, in barring an action on the original subject of dispute, as though the submission contained an express promise to perform the award.
It results, therefore, that the court erred in sustaining the demurrer to the second plea; but as Evans obtained a verdict on the issue taken to his first plea, if that verdict was improperly set aside, it cannot be material to remand the cause for further proceedings on the second plea; but the judgment rendered against him should be reversed, and the cause remanded, for judgment to be entered in his favor on that verdict. We will, therefore, examine the propriety of the decision of the court in awarding a new trial of that issue.
And here it is proper to remark, that although the new trial was asked on the ground of the verdict being against evidence, as well as on the ground of one of the jurors having formed an opinion before he was sworn, it appears from the record that the court granted a new trial exclusively on the latter ground. The decision of the court must, therefore, be supposed to have been against M’Kinsey on the first ground; and as the evidence given on the trial is not spread upon the record, this court must presume that court to have decided correctly on the first ground, and enquire into the correctness of the decision given on the second ground, to which exceptions were taken by the counsel of Evans.
*266 On the application for a new trial, it appears to have been proved that one of the jurors, before the trial, had been heard to say, that he had heard the evidence as to the right of the parties to the slaves in contest, and had made up his opinion who ought to recover, and that he wished to be upon the jury, and if he should be, he would hang the jury for ever, or find for M’Kinsey. It was on making this discovery, that M’Kinsey applied for and obtained the new trial.
This court is unable to perceive any reason for disturbing the verdict, on the ground of the discovery made by M’Kinsey. If the verdict had been against Evans, the evidence introduced by M’Kinsey might have formed very satisfactory evidence of the partiality of the jury against him; but it is difficult to imagine how the declaration of one of the jury, that he would find for M’Kinsey, can be construed into evidence of partiality against him, so as to warrant the court in setting aside the verdict found contrary to those declarations. The circumstance of the verdict being contrary to the juror’s declarations, is conclusive to show, that, if those declarations were in fact made, they must have been either the effusions of mirth or levity, and that, when called on to decide the contest, the juror, under the more solemn and controlling influence of his duty and oath, gave a decision free from that bias which he might otherwise have been supposed to entertain.
The judgment must be reversed with costs, the cause remanded to the court below, and judgment rendered in favor of Evans, on the verdict found by the jury in his favor.